IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PERRY JOE GATLIN
(ADC#111796)                                                                                          PLAINTIFF

v.                                    Civil No. 3:14-cv-03049

BOONE COUNTY SHERIFF
MIKE MOORE; NURSE MANDY JONES;
and JAIL ADMINISTRATOR JASON DAY

                                                                                                      DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Perry Joe Gatlin filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 7, 2014. (ECF No. 1.) Now before the Court is Plaintiff's failure to comply with the Court's order and to prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**1.     BACKGROUND**

At the time Plaintiff filed his Complaint, he was incarcerated in the Boone County Jail. (ECF. No. 1.)

In his Complaint, Plaintiff claims Defendants violated his constitutional rights by denying

1

him the pain and sleep medication prescribed by his physician for his compressed vertebral discs. (ECF No. 1.)

On November 20, 2014, the Summon and Order Directing Service sent to Plaintiff at Boone County Jail was returned as undeliverable, inmate not here. On December 3, 2014, the Court determined Plaintiff's new address to be the Arkansas Department of Corrections ("ADC") Varner Unit and ordered Plaintiff's address changed. (ECF No. 11.) In the Order, Plaintiff was reminded that it is his obligation to keep the Court informed of his address at all times, and a failure to do so would result in summary dismissal of his case. (ECF No. 11.)

On May 6. 2015, Defendants filed a Motion to Dismiss due to lost contact with the Plaintiff. ECF No. 16. Specifically, Defendants forwarded Plaintiff documents on March 24, 2015 and March 25, 2015 at the ADC Varner Unit. These document were returned as undeliverable. (ECF No. 16-18.) An inmate search of the ADC on May 8, 2015 indicated that Plaintiff is no longer incarcerated with the ADC.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

2

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff has failed to comply with the Court's December 3, 2014 Order and keep the Court apprised of his address. This Order explicitly advised Plaintiff that failure to comply could result in dismissal of his case. (ECF No. 11.) Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED**

without prejudice on the grounds that Plaintiff has failed to comply with a Court Order and to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 11th day of May**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE